# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

ROBERT R. FORD,  :
                Petitioner,  :
                v.  :  No. 5:18-cv-00004-MTT-CHW
JAMES D. SMITH, *et al*.,  :
                Respondents.  :

## ORDER OF DISMISSAL

This case is currently before the Court for preliminary screening as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A(a). Petitioner Robert R. Ford, an inmate confined at the Augusta State Medical Prison in Grovetown, Georgia, filed the above-captioned case seeking a writ of mandamus. Mot. for Writ of Mandamus, Jan. 4, 2018, ECF No. 1. Thereafter, Petitioner filed three motions to amend his initial petition. Mot. for Leave to File Amended Compl., Jan. 30, 2018; Second Mot. for Writ of Mandamus, Feb. 2, 2018, ECF No. 4; Mot. for Leave to File an Amended Compl., Feb. 16, 2018, ECF No. 5. Petitioner has also filed a motion for leave to proceed without prepayment of the filing fee. Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 6.

After due consideration, Petitioner's motion to proceed *in forma pauperis* is **GRANTED**. The Court finds, however, that Petitioner's motion for a writ of mandamus fails to state a non-frivolous claim for relief. The motion is thus **DISMISSED WITHOUT PREJUDICE** pursuant to § 1915A(b).

## I. Motion to Proceed *In Forma Pauperis*

Any court of the United States may authorize the commencement a civil action, without prepayment of the required filing fee (*in forma pauperis*), if the petitioner shows that he is indigent and financially unable to pay the court's filing fee. *See* 28 U.S.C. § 1915(a). A prisoner wishing to proceed under § 1915 must provide the district court with both (1) an affidavit in support of his claim of indigence, and (2) a certified copy of his prison "trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b).

Pursuant to this provision, Petitioner has moved for leave to proceed without prepayment of the $350.00 filing fee, and his submissions show that he is currently unable to prepay any portion of the filing fee. Petitioner's motion to proceed *in forma pauperis*, ECF No. 6, is thus **GRANTED**. Petitioner is, however, still obligated to eventually pay the full balance of the filing fee, in installments, as set forth in § 1915(b) and explained below. The district court's filing fee is not refundable, regardless of the outcome of the case, and must therefore be paid in full even if the petitioner's complaint is dismissed prior to service.

For this reason, the **CLERK** is **DIRECTED** to forward a copy of this Order to the business manager of the facility in which Petitioner is incarcerated so that withdrawals from his account may commence as payment towards the filing fee.

### A. Directions to Plaintiff's Custodian

Because Petitioner has now been granted leave to proceed *in forma pauperis* in the above-captioned case, it is hereby **ORDERED** that the warden of the institution wherein

Petitioner is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the **CLERK** of this Court twenty percent (20%) of the preceding month's income credited to Petitioner's trust account at said institution until the $350.00 filing fee has been paid in full. The funds shall be collected and withheld by the prison account custodian who shall, on a monthly basis, forward the amount collected as payment towards the filing fee, provided the amount in the prisoner's account exceeds $10.00. The custodian's collection of payments shall continue until the entire fee has been collected, notwithstanding the dismissal of Petitioner's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

B. Petitioner's Obligations Upon Release

In the event Petitioner is hereafter released from the custody of the State of Georgia or any county thereof, he remains obligated to continue making monthly payments to the **CLERK** toward the balance due until said amount has been paid in full. Collection from Petitioner of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Petitioner is released from custody and fails to remit payments. Petitioner's complaint may be dismissed if he is able to make payments but fails to do so.

**II.     Authority & Standard for Preliminary Screening**

The Court is now obligated to conduct a preliminary review of Petitioner's petition for a writ of mandamus. *See* 28 U.S.C. § 1915A(a) (requiring the screening of prisoner cases) & 28 U.S.C. § 1915(e) (regarding *in forma pauperis* proceedings). When performing this review, the district court must accept all factual allegations in the pleading

3

as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys," and thus, *pro se* claims are "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

### III. <u>Petitioner's Petition</u>

In his initial petition, Petitioner sought a writ of mandamus compelling Special

4

Agent James D. Smith and Grievance Coordinator Shirley Smith to process grievances Petitioner filed with the Georgia Department of Corrections. Mot. for Writ of Mandamus, Jan. 4, 2018, ECF No. 1. Petitioner also identified Investigator Vornon Neal as a respondent in the caption but did not include any allegations against this respondent in the petition. *Id.* In his first motion for leave to amend, Petitioner sought leave to add exhibits in support of his initial petition. Mot. for Leave to File Amended Compl., Jan. 30, 2018.

Petitioner has also filed an amended petition for a writ of mandamus, in which he seeks to add as respondents James R. Williams, Jr., Director of Clemency and Parole Selection Division; Major Lauren Fletcher; Warden Fredrick Head; Captain Guy Young; and Floor Officers Curmit Colvin Williams, Jacobs Kevin, and Wallace Alex. Second Mot. for Writ of Mandamus, Feb. 2, 2018, ECF No. 4. Petitioner asserts that all of these respondents are employed by the Georgia Department of Corrections or the Riverbend Correctional Facility. *Id.* at 1-2.

In the amended petition, Petitioner seeks an order requiring respondents to expunge a disciplinary report that was upheld against him because his appeal of the disciplinary hearing was not considered in a timely manner. *Id.* at 2-6. He also alleges that Floor Officer Williams is a convicted felon who should not be permitted to work for the Department of Corrections. *Id.* at 5. Finally, in his most recent motion to amend, Petitioner seeks to add an additional exhibit in support of his requests for mandamus relief. Mot. for Leave to File an Amended Compl., Feb. 16, 2018, ECF No. 5.

In the initial petition for writ relief, as well as the subsequent amendments, Petitioner seeks a writ of mandamus directing action from state officials in the performance

of their duties. The federal district courts, however, do not have the authority to issue writs compelling action by state officials in the performance of their duties. *See Moye v. Clerk, DeKalb Cty. Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973) (per curiam);[1] *see also Lawrence v. Miami-Dade Cty. State Attorney Office*, 272 F. App'x 781, 781 (11th Cir. 2008) (per curiam) ("Because the only relief [petitioner] sought was a writ of mandamus compelling action from state officials, not federal officials, the district court lacked jurisdiction to grant relief and did not err in dismissing the petition."). Thus, Petitioner seeks relief that is not available through a petition for a writ of mandamus.

The Court therefore finds that Petitioner's petition has no arguable merit, and his petition for a writ of mandamus is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief can be granted.

**SO ORDERED**, this 26th day of February, 2018.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.