IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ROBERT R. FORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:18-CV-4 (MTT) |
| | ) |
| JAMES D. SMITH, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ORDER

Petitioner Robert R. Ford moves for reconsideration of the Court's order dismissing without prejudice his motion for a writ of mandamus for failure to state a claim on which relief may be granted (Doc. 11). Doc. 14.[1]

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. "Reconsideration is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga.) (internal quotation marks and citation omitted).

Ford's handwritten motion is difficult to read, but, with effort, it is legible. *See generally* Doc. 14. The Court must liberally construe the filings of Ford, who is proceeding

---

[1] Ford titles his filing "Objection to Dismissal(s) w/out prejudice and Motion to Re-style & Re-instate as 42 USCA 1983 Action and Transfer to NDGA Atl div." Doc. 14 at 1. The Court construes this as a motion for reconsideration of the Court's order dismissing his motion for a writ of mandamus. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed.") (internal quotation marks and citation omitted). To the extent Ford seeks other relief, such as a transfer, his filing fails to state even the barest justifications for such relief, even liberally construed, and accordingly any other relief that Ford seeks is also **DENIED**.

pro se. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed." (internal quotation marks and citation omitted)); *see also Mays v. United States*, 817 F.3d 728, 731 n.2 (11th Cir. 2016) ("Given Mays's motion to vacate and supplemental notice were filed pro se, we construe them liberally." (citation omitted)). But even liberally construed, the motion for reconsideration does not demonstrate any intervening change in law, newly discovered evidence not previously available, or clear error. It remains true that "federal district courts . . . do not have the authority to issue writs compelling action by state officials in the performance of their duties" and that therefore Ford "seeks relief that is not available through a petition for a writ of mandamus." Doc. 11 at 6 (citations omitted). The motion for reconsideration (Doc. 14) is accordingly **DENIED**.

**SO ORDERED,** this 29th day of March, 2018.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
